

**WILENTZ, GOLDMAN & SPITZER P.A.**

**ATTORNEYS AT LAW**

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
732.636.8000
Fax 732.855.6117

Meridian Center I
Two Industrial Way West
Eatontown, NJ 07724-2265
732.542.4500
Fax 732.493.8387

110 William Street
26th Floor
New York, NY 10038-3927
212.267.3091
Fax 212.267.3828

Two Penn Center Plaza
Suite 910
Philadelphia, PA 19102
215.940.4000
Fax 215.636.3999

www.wilentz.com

Please reply to:
Woodbridge
**Direct Dial: (732) 855-6437**
**Direct Fax: (732) 726-4777**
**Email: nterjanian@wilentz.com**

DAVID T. WILENTZ (1919-1988)
G. GEORGE GOLDMAN (1922-1959)
HENRY M. SPITZER (1928-1988)
WARREN W. WILENTZ (1949-2010)

RICHARD F. LERT[2]
JOHN A. HOFFMAN
STEPHEN E. BARCAN
VINCENT P. MALTESE
DAVID M. WILDSTEIN
GORDON J. GOLUM
MARVIN J. BRAUTH[2]
STUART A. HOBERMAN[2,3]
STEPHEN A. SPITZER
ANNE S. BABINEAU[2]
CHRISTINE D. PETRUZZELL
BRIAN J. MOLLOY
RANDALL J. RICHARDS
JOSEPH J. JANKOWSKI
DAVID S. GORDON
FREDERICK J. DENNEHY
ROY H. TANZMAN[2]
STEVEN J. TRIPP
JAY J. ZIZNEWSKI
JAMES E. TRABILSY
MAUREEN S. BINETTI◁
ANTHONY J. PANNELLA, JR.
MICHAEL J. BARRETT◁
MICHAEL F. SCHAFF[2,7]
ANGELO JOHN CIFALDI
KEVIN M. BERRY[2]
JOHN T. KELLY[2]
EDWIN LEAVITT-GRUBERGER[2]
BARRY A. COOKE
JON G. KUPILIK
PETER R. HERMAN[2]

EDWARD T. KOLE
HESSER G. McBRIDE, JR.
ERIC JOHN MARCY
ROBERT C. KAUTZ[2,6]
VIOLA S. LORDI[2]
LYNNE M. KIZIS
KEVIN P. RODDY[2,8,9]
DANIEL S. BERNHEIM 3d[1,3]
DAVID H. STEIN
DOUGLAS WATSON LUBIC[2]
DOMINICK J. BRATTI
LISA A. GORAB[2]
LAWRENCE F. JACOBS[2]
BETH HINSDALE-PILLER
FRED HOPKE[†]
DONALD E. TAYLOR[3]
BRETT R. HARRIS[2]
JEFFREY W. CAPPOLA
ALFRED M. ANTHONY[2]
DARREN M. GELBER[20]
WILLIAM J. LINTON
DONNA M. JENNINGS
GIOVANNI ANZALONE
PETER A. GREENBAUM[2]
WILLARD C. SHIH[2]
LAWRENCE C. WEINER[2]
LAURIE E. MEYERS[2,4]
DAVID P. PEPE
JOHN E. HOGAN[2]
EVERETT M. JOHNSON[2]
DANIEL R. LAPINSKI[2,3]
TODD E. LEHDER[5,7]
PHILIP A. TORTORETI[11,12]
KELLY A. ERHARDT-WOJIE[3]
ALEX LYUBARSKY[2]
ELLEN TORREGROSSA-O'CONNOR
JOSEPH J. RUSSELL, JR.[2]

**OF COUNSEL**
ALAN B. HANDLER[5]
FRANCIS V. BONELLO
BRUCE M. KLEINMAN[2,5]
C. KENNETH SHANK[2]

**COUNSEL**
RUTH D. MARCUS[1,2]
RICHARD J. BYRNES
JAMES E. TONREY, JR.[2]
DEIRDRE WOULFE PACHECO[2]
ROBERTO BENITES
JONATHAN J. BART[1,2,3]
YVONNE MARCUSE
ABBY RESNICK-PARIGIAN[2,3]
BARBARA J. KOONZ[3,10]
EDWARD J. ALBOWICZ[2]
ELIZABETH C. DELL[2]
ROBERT L. SELVERS[2]
JOHN P. MURDOCH II
GREGORY D. SHAFFER[2]◁
ALYSON M. LEONE[2]

**ASSOCIATES**
LINDA LASHBROOK
ALBERTINA WEBB[2]
MARY H. SMITH
STEPHANIE D. GIRONDA
LOUIS J. SEMINSKI, JR.
MICHAEL F. FRIED[2]
MATTHEW SKOLNIK[3]
VINCENT CHENG[2]
KEITH L. HOVEY[2,3]

CHAD YABLONSKY[2]
CHERYL E. CONNORS
JAMES TRACY
DANIEL J. KLUSKA
KARIN K. SAGE
CORINNE L. McCANN
SATISH V. POONDI
KUSH SHUKLA[2,10]
RACHEL C. HEINRICH[3]
ANNEMARIE T. GREENAN[3]
ERIC M. FINKELSTEIN[2]
NANOR L. TERJANIAN[2]
ANDREW GROUS[2,3]
BRIDGET V. KANE
RISA M. CHALFIN
LISA GORA

◁ Certified Civil Trial Attorney
□ Certified Criminal Trial Attorney
† Certified Workers Comp. Attorney
1 Not admitted NJ
2 Admitted NY
3 Admitted PA
4 Admitted CT
5 Admitted DC
6 Admitted MA
7 Admitted MD
8 Admitted VA
9 Admitted CA
10 Admitted FL
11 Admitted PR
12 Admitted VI

March 31, 2014

**VIA ELECTRONIC FILING**
Honorable John G. Koeltl, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

  Re: *Melanie Alvarado v. Universal Business Solutions Inc. and Abraham Thomas*
     **Civil Action No. 14:cv-02103-JGK**

Dear Judge Koeltl:

  This Firm is counsel to Defendants Universal Business Solutions Inc. and Abraham Thomas ("Defendants") in the above-referenced matter. In accordance with your Honor's Individual Motion Practice and Rules, Defendants respectfully submit this letter requesting a pre-motion conference to move to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that the Court lacks jurisdiction over any of Plaintiff's claims and that Plaintiff has failed to exhaust her federal discrimination claims administratively.

  Plaintiff Melanie Alvarado was an employee of Defendant Universal Business Solutions Inc. ("Defendant Universal") at its New York City office. (Compl. at ¶9) [D.E. 1]. Defendant Abraham Thomas ("Defendant Thomas" and together with Universal, the "Defendants") is an owner of Universal and was Plaintiff's manager. (*Id.* at ¶¶10-11). Universal is in the business of selling copiers and is involved in all phases of document creation through duplication, storage retrieval and destruction. (*Id.* at ¶14). Plaintiff alleges that Defendants sexually harassed, sexually assaulted and discriminated against her on the basis of gender and sexual harassment. (*Id.*)

#7423256.1



Plaintiff commenced this action on March 25, 2014 setting forth claims under federal, state, and city laws, specifically, Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), the New York State Executive Law, and the New York City Human Rights law, New York City Administrative Code § 8-502(a), *et seq.* ("NYCHRL").

It is respectfully submitted that this action should be dismissed because Plaintiff failed to exhaust administrative remedies prior to filing this suit. It is well-settled that a plaintiff may sue in federal court under Title VII only after she has exhausted her administrative remedies. *See e.g. Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006); *Pinello v. 93 Worth LLC,* 2013 U.S. Dist. LEXIS 63731, *10 (S.D.N.Y. Apr. 30, 2013) ("It is axiomatic that a plaintiff pursing an employment discrimination claim under ... Title VII...first exhaust his administrative remedies by presenting those claims to the Equal Employment Opportunity Commission ("EEOC") ... and by pursuing those claims to completion.")(citations omitted). Exhaustion of administrative remedies requires a plaintiff to (i) timely file a complaint with the EEOC and (ii) obtain a notice of right-to-sue letter. 42 U.S.C. § 2000e-5(e), (f); 29 U.S.C. § 626(d); *see e.g. Legnani v. Alitalia Aeree Italiane, S.P.A.,* 274 F.3d 683 (2d Cir. 2001); *Shah v. N.Y. State Dep't of Civil Serv.,* 168 F.3d 610, 613 (2d Cir. 1999); *Malachi v. Postgraduate Center for Mental Health,* 2013 U.S. Dist. LEXIS 30221, *2 (E.D.N.Y. Mar. 1, 2013). In the case at bar, Plaintiff has not yet obtained a notice of right-to-sue letter and therefore has not exhausted administrative remedies. (Compl. at ¶5) [D.E. 1].

Indeed, not only has Plaintiff not obtained a right to sue letter from the EEOC, but she and her counsel were also aware of this deficiency when she filed the Complaint. (*Id.*) Plaintiff filed her EEOC charge on October 10, 2013. (Compl. at ¶4). The EEOC has 180 days following the filing of the charge, or by April 8, 2014 here, to attempt to resolve the dispute, and if unable to it must notify the complainant, through the issuance of a "right-to-sue" letter, in which the EEOC states its reasons for not taking action on the complaint. *See* 42 U.S.C. § 2000e-5(f)(1); *see also e.g. Waiters v. Parsons,* 729 F.2d 233, 237 (3d Cir. 1984). The complainant's receipt of the right-to-sue letter is critical prior to filing suit as it indicates she has exhausted administrative remedies, an essential element for bringing a claim in federal court under Title VII. *See e.g. Williams,* 458 F.3d at 69; *see also e.g. Anjelino v. New York Times Co.,* 200 F.3d 73, 93 (3d Cir. 1999)(citing *Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394, 398 (3d Cir. 1976)("The preliminary step of the filing of the EEOC charge and the receipt of the right to sue notification are 'essential parts of the statutory plan designed to correct discrimination through administrative conciliation and persuasion if possible, rather than by formal court action.' Because the aim of the statutory scheme is to resolve disputes by informal conciliation, prior to litigation, suits in the district court are limited to matters of which the EEOC has had notice and a chance, if appropriate, to settle.") Prior to receipt of the right to sue letter, a Title VII claimant cannot bring suit in federal court. *See e.g. Williams,* 458 F.3d at 69; *Shah,* 168 F.3d at 614 ("A Title VII claimant bring suit in federal court only if he has filed a timely complaint with the EEOC and obtained a right-to-sue letter) (citations omitted).

Having failed to allege that she exhausted her federal discrimination claims administratively, Plaintiff simply cannot pursue them before this Court. Accordingly, there is no basis for federal jurisdiction and Plaintiff's complaint should be dismissed in its entirety. *See e.g. 93 Worth LLC* 2013 U.S. Dist. LEXIS at * 10 (dismissing plaintiff's federal, state and city discrimination and retaliation claims for failure to exhaust administrative remedies); *see also e.g. Klein & Co. Futures, Inc. v. Bd. of Trade,* 464 F.3d 255, 262 (2d Cir. 2006) (citing *Kolari v. New York Presbyterian Hosp.,* 455 F.3d 118, 122 (2d Cir. 2006)).



Honorable John G. Koeltl, U.S.D.J.
March 31, 2014
Page 3

For the foregoing reasons, Defendant respectfully requests to move to dismiss the Complaint.

Thank you for your consideration.

Respectfully submitted,

*/s/ Nanor L. Terjanian*
Nanor L. Terjanian, Esq.

cc: Derek J. Smith, Esq. (via CM/ECF and regular mail)

#7423256.1